UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-M-1019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER APPROVING |
| v. | ) | PRETRIAL DIVERSION AGREEMENT |
| | ) | |
| VICTORIA LEIGH HOPPER | ) | |

The United States Attorney having deferred prosecution in this case pursuant to a written agreement with the Defendant; the written agreement having been submitted to the Court for approval; and the Court having reviewed the written agreement and being of the opinion that deferred prosecution pursuant to the written agreement is appropriate in this case, it is

ORDERED that the Pretrial Diversion Agreement executed in this case between the United States and VICTORIA LEIGH HOPPER on January 5, 2012, is approved in accordance with Section 6(b) of the Plan for Achieving Prompt Disposition of the Criminal Cases for the Eastern District of North Carolina and Title 18, United States Code, Section 3161(h)(2).

The Clerk hereby is directed to file the Pretrial Diversion Agreement executed herein regarding VICTORIA LEIGH HOPPER and this Order Approving Pretrial Diversion Agreement.

This the 25 day of January 2012.

ROBERT B. JONES, JR.
UNITED STATES MAGISTRATE JUDGE



U.S. Department of Justice

**Thomas G. Walker**

*United States Attorney*
*Eastern District of North Carolina*

310 New Bern Avenue
Suite 800 Federal Building
(Attn: Camp Lejeune SAUSA)
Raleigh, NC 27601-1461

## AGREEMENT FOR PRETRIAL DIVERSION

It appears from the file that you are reported to have committed an offense against the United States. The report indicates that on or about November 15 and 21, 2010, in violation of North Carolina Guide Statute 14-318.2, you committed an offense against the United States to wit: Child Abuse. Upon accepting responsibility for your behavior, and by your signature on this agreement, it appears, after an investigation of the offense and your background, that the interest of the United States, your own interest, and the interest of justice will be served by the following procedure:

On the authority of the Attorney General of the United States, by THOMAS G. WALKER, United States Attorney for the Eastern District of North Carolina, prosecution in this district for the offense shall be deferred for the period of twelve (12) months from this date, provided you abide by the following conditions and the requirements of this agreement set out below.

Should you violate the conditions of this agreement, the United States Attorney may revoke or modify any condition of the Pretrial Diversion Program or change the period of supervision, which shall in no case exceed eighteen (18) months. The United States Attorney may, at any time within the period of your supervision, initiate prosecution for this offense should you violate the conditions of this agreement. In this case, he may furnish you with notice specifying the conditions of the agreement which you have violated.

After successfully completing your program and fulfilling all the terms and conditions of the agreement, no prosecution for the offense set out on Page 1 of this agreement will be instituted in this district, and the charges against you will be dismissed.

Neither this agreement nor any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with any prosecution for the above-described offense.

Agreement for Pretrial Diversion
December 16, 2011
Page 2

## General Conditions of Pretrial Diversion Program

1. You shall not violate any law (federal, state and local). You shall immediately contact your pretrial diversion supervisor if arrested and/or questioned by a law enforcement officer.

2. You shall report to your supervisor as directed and keep your supervisor informed of your whereabouts.

3. You shall continue to live in the Middle District of Florida. If you intend to move out of that district, you shall inform your pretrial diversion supervisor so that the appropriate transfer of program responsibility can be made.

4. You shall follow the program and such special conditions as may be described below.

## Special Conditions

1. Maintain or actively seek employment.

2. Continue with current medical and psychiatric treatment and take medications as prescribed.

3. Participate in a mental health treatment program as recommended by the supervising officer. If current mental health treatment is acceptable by the supervising officer, no additional mental health treatment is necessary.

4. Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

5. Refrain from excessive use of alcohol.

6. Submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which are required as a condition of release.

7. Participate in a program of inpatient or outpatient substance abuse treatment if deemed necessary by the supervising officer.

8. Report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

Agreement for Pretrial Diversion
December 16, 2011
Page 3

    I assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I am also aware that rule 48(b) of the Federal Rules of Criminal Procedure and the Speedy Trial Act of 1974 (Title 18, United States Code, Section 3161, <u>et seq.</u>) provide that the court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request the United States Attorney for the Eastern District of North Carolina to defer such prosecution. I agree and consent that any delay from the date of my initial appearance before the federal magistrate judge to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defenses to such prosecution on the grounds that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

    I hereby state that I have read the aforementioned, and it has been explained to me. I understand the conditions of my Pretrial Diversion Program and agree that I will comply with them.

_____      12/17/2011
VICTORIA LEIGH HOPPER           DATE
Divertee


Phone: (813) 389-6711

_____      11/11/12
ANDREA T. BARNES              DATE
Attorney for Divertee

_____      ~~16 Dec 2011~~ 5 Jan 2012
JAMES B. BLANTON            DATE
Special Assistant U.S. Attorney
Criminal Division

_____      1/24/2012
PAMELA O. THORNTON        DATE
U.S. Probation Officer

_____      1/25/2012
ROBERT B. JONES, JR.           DATE
United States Magistrate Judge